Cite as 2024 Ark. 117

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE BOARD OF CERTIFIED COURT REPORTER EXAMINERS | **Opinion Delivered:** June 13, 2024 |

**PER CURIAM**

Subsequent to disciplinary hearings over the past few years, the Board of Certified Court Reporter Examiners deemed the Rule Providing for Certification of Court Reporters in need of modification to facilitate a better understanding of the Rule's disciplinary procedures. Additionally, the Board believes there is a need to clarify the hiring process for a special prosecutor to pursue complaints instead of utilizing another office of the court. After dutiful consideration, the Board has presented its proposed changes to the Supreme Court of Arkansas. We thank the members of the Board for their work. The court publishes the following proposed rule changes in "line-out, line-in" fashion (deleted material is lined through; new material is underlined).

Please forward comments to these proposed rules by August 15, 2024, to Kyle E. Burton, Clerk of the Arkansas Supreme Court and Arkansas Court of Appeals, 625 Marshall Street, Suite 130, Little Rock, AR 72201 or via email to eROAcomments@arcourts.gov.

**Proposed Changes to Rule Providing for Certification of Court Reporters**

**Section 7. Discipline.**

(a) **Sanctions.** For violations of this Rule or "Regulations of the Board of Certified Court Reporter Examiners," other than those related to the nonpayment of fees outlined in Section 9 of the Rule, the Board for good cause shown, and by a majority of four (4) votes from the Board concurring, after a public hearing by the Board, may sanction a reporter by ordering a public admonition, or by suspending or revoking any certificate issued by the Board. Discipline by consent, as set out in Section 8 of this Rule, may also be utilized by the Board <u>without the requirement of a public hearing </u>for any violations of the aforementioned Rule or Regulations.

(b) **Definitions.**

1. "Revoke a certificate" means to unconditionally prohibit the conduct authorized by the certificate. If a reporter's certificate is revoked, the reporter is not eligible to apply for a new reporter's certificate for a period of five (5) years after the date the revocation order becomes effective after final Board action or after final action by the Supreme Court of Arkansas, if there is an appeal.

2. "Suspend a certificate" means to prohibit, whether absolutely or subject to conditions which are reasonably related to the grounds for suspension, for a defined period of time, the conduct authorized by the certificate. No suspension shall be for less than one (1) month nor for more than sixty (60) months.

3. "Admonition" means a written order or opinion of the Board stating the specific misconduct or failure to perform duties by the reporter.

4. "Special Prosecutor" refers to an individual, who is charged with the duties of investigating ~~complaints~~ grievances presented to the Board, which pertain to alleged violations of the Rules and Regulations; drafting proposed Complaints for the Board's review, which outline the alleged violations of the Rules and Regulations; serving as a prosecutorial officer before and during any hearing or proceeding, which result from the investigation and/or filing of the Complaint; and performing additional tasks as assigned by the Board.

(c) **Subpoenas.** The Board has the authority to issue subpoenas for any witness(es), and for the production of papers, books, accounts, documents, records, or other evidence and testimony relevant to a hearing held pursuant to Section 7 upon the request of any party. Such process shall be issued by and under the seal of the Board and be signed by the Chair or the Executive Secretary. The subpoenas shall be served in any manner provided by the Arkansas Rules of Civil Procedure for service of process. The Board shall provide for its use a seal of such design as it may deem appropriate. The Circuit Court of Pulaski County shall have the power to enforce process.

(d) **Special Prosecutor.**

(1) ~~When requested in writing by the Board to so serve, the Executive Director of the Arkansas Supreme Court Office of Professional Conduct ("Office") may, if time, work demands, and resources of that Office permit, act as the investigating, charging, and prosecutorial officer for Complaints of this Board. Any expenses of that Office attributed to handling a Complaint from this Board shall be paid to the Bar of Arkansas account from funds available to this Board after review and approval by the Chairperson of this Board of~~

~~any such expense claims. By agreement between this Board and the Office, reasonable reimbursement for attorney time may be made by the Board to the Office.~~

~~(2)~~ The Board may employ on contract, from funds within its budget, such attorneys as it deems necessary for the investigation <u>of grievances, and the</u> ~~charging, and~~ prosecution of Complaints ~~grievances~~ before the Board.

(e) **Immunity.** The Board, its individual members, and any employees and agents of the Board~~, including the Executive Director and staff of the Office of Professional Conduct when acting for the Board,~~ are absolutely immune from suit or action for their activities in discharge of their duties hereunder to the full extent of judicial immunity in Arkansas.

(f) **Confidentiality.** Subject to the exceptions listed in (4) below in this subsection:

(1) All communications, ~~Complaints~~ <u>grievances</u>, ~~formal~~ Complaints, testimony, and evidence filed with, given to or given before the Board, or filed with or given to any of its employees and agents during the performance of their duties, that are based upon a <u>grievance or</u> Complaint charging a reporter with violation of the Board Rules, shall be absolutely privileged and confidential; and

(2) All actions and activities arising from or in connection with an alleged violation of the Board Rules by a reporter certified by the Board are absolutely privileged and confidential.

(3) These provisions of privilege and confidentiality shall apply to complainants.

(4) Exceptions.

(i.) Except as expressly provided in these Rules, disciplinary proceedings under these Rules are not subject to the Arkansas Rules of Civil Procedure regarding discovery.

(ii.) The records of public hearings conducted by the Board are public information.

(iii.) In the case of revocation, the Board is authorized to release any information that it deems necessary for that purpose.

(iv.) The Board is authorized to release information:

(a) For statistical data purposes;

(b) To a corresponding reporter disciplinary authority or an authorized agency or body of a foreign jurisdiction engaged in the regulation of reporters;

(c) To the Commission on Judicial Discipline and Disability;

(d) To any other committee, commission, agency or body within the State empowered to investigate, regulate, or adjudicate matters incident to the legal profession when such information will assist in the performance of those duties; and

(e) To any agency, body, or office of the federal government or this State charged with responsibility for investigation and evaluation of a reporter's qualifications for appointment to a governmental position of trust and responsibility.

(5) Any reporter against whom a ~~formal Complaint~~ grievance is pending shall have disclosure of all information in the possession of the Board and its agents concerning that ~~Complaint~~ grievance, including any record of prior ~~Complaints~~ grievances about that reporter, but excepting "attorney work product" materials.

(6) The reporter about whom a ~~Complaint~~ grievance is ~~made~~ filed may waive, in writing, the confidentiality of the information.

(g) **Procedure.**

5

1. Standard of Proof. Formal charges of misconduct, petitions for reinstatement, and petitions for transfer to or from inactive status shall be established by a preponderance of the evidence.

2. Burden of Proof. The burden of proof in proceedings seeking discipline is on the Board or its special prosecutor. The burden of proof in proceedings seeking reinstatement is on the reporter seeking such action.

3. Limitations on Actions. The institution of disciplinary actions pursuant to these Procedures shall be exempt from all statutes of limitation.

4. Evidence and Procedures. Except as noted in these Rules, the Arkansas Rules of Evidence and the Arkansas Rules of Civil Procedure shall not generally apply to discipline proceedings before the Board.

5. Pleadings. All pleadings filed before the Board shall be captioned "Before the Supreme Court Board of Certified Court Reporter Examiners" and be styled "In re_____" to reflect the name of the respondent reporter.

(h) **Ex Parte Communication**.

(1) Members of the Board shall not communicate "ex parte" with any ~~complainant~~ <u>individual or Court filing a grievance</u>, attorney acting as Board prosecutor, ~~the Executive Director, or the staff of the Office of Professional Conduct~~, or the respondent reporter or his or her counsel regarding a pending or impending investigation or disciplinary matter except as explicitly provided for by law or these Rules, or for scheduling, administrative purposes, or emergencies that do not deal with substantive matters or issues on the merits of the ~~case~~ <u>grievance</u> or Complaint.

6

(2) A violation of this rule may be cause for removal of any member from the Board before which a matter is pending.

(i) **Probable Cause Determination.** Before a~~n~~ ~~formal~~ investigation of a grievance may occur, ~~Complaint may be prepared on any reporter~~, ~~the written approval of~~ four (4) members of the Board shall conclude that probable cause of a violation of the Rule or Regulations exists in the grievance. ~~be given to the draft complaint as prepared~~. Before any ~~formal~~ Complaint may be served on a reporter, it shall be approved by the signature of the Board Chair. The Complaint shall be filed no later than thirty (30) days after approval is received from the Board Chair.

(j) **Complaint.** The Complaint to be served upon a reporter shall state with reasonable specificity each Board Rule alleged to have been violated by the reporter and summarize the conduct or omission by the reporter that supports the Rule violation. Affidavits of those persons having knowledge of the facts and court records and documents may be attached as exhibits to the Complaint.

(k) **Service of Complaint.** The Complaint shall be served by one of the following methods:

1. By certified, restricted delivery, return receipt mail to the reporter at the address of record for the reporter currently on file with the Board,

2. By personal service as provided by the Arkansas Rules of Civil Procedure ~~or an Investigator with the Office of Professional Conduct~~; or,

3. When reasonable attempts to accomplish service by (k)(1) and (k)(2) have been unsuccessful, then a warning order, in such form as prescribed by the Board. ~~shall be~~

published weekly for two consecutive weeks in a newspaper of general circulation within this State or within the locale of the respondent reporter's address of record. In addition, a copy of the formal Complaint and warning order shall be sent to the respondent reporter's address of record by regular mail.

4. A reporter's failure to provide an accurate, current mailing address to the Board or the failure or refusal to receipt certified mailing of a formal Complaint, shall be deemed a waiver of confidentiality for the purposes of the issuance of a warning order.

5. Unless good cause is shown for a reporter's non-receipt of a certified mailing of a formal Complaint, the reporter shall be liable for the actual costs and expenses for service or the attempted service of a formal Complaint, to include all expenses associated with the effectuation of service. Such sums will be due and payable to the Board before any response to a formal Complaint will be accepted or considered by the Board.

6. After service has been effected by any of the aforementioned means, subsequent mailings by the Board to the respondent reporter may be by regular mail to the reporter's address of record, to the address at which service was accomplished, to any counsel for the reporter, or to such address as may have been furnished by the reporter, as the appropriate circumstance may dictate., except that notices of hearings and letters or orders of admonition, suspension, or revocation shall also be sent by certified, return receipt mail or be served upon the reporter in a manner authorized in Section 7(k)(2).

7. Service on a non-resident reporter may be accomplished pursuant to any option available herein, or in any manner prescribed by the law of the jurisdiction to which the service is directed.

8

(*l*) **Time and Manner of Response; Rebuttal**.

(1) Upon service of a ~~formal~~ Complaint, pursuant to Section 7(k) or after the date of the first publication, pursuant to Section 7(k)(3), the respondent reporter shall have ~~twenty (20)~~ <u>thirty (30)</u> days in which to file a written response in affidavit form with the Board of Certified Court Reporters Examiners by filing the response at the Office of the Clerk of the Arkansas Supreme Court, 625 Marshall Street, Little Rock, AR 72201<u>.</u> ~~, except when service is upon a non-resident of this State.~~ <u>.</u> ~~, in which event the respondent reporter shall have thirty (30) days within which to file a response.~~ In the event that a response has not been filed with the Board of Certified Court Reporters Examiners ~~within twenty (20) days or~~ within thirty (30) days~~, as the appropriate case may be,~~ following the date of service, and an extension of time has not been granted, the Executive Secretary shall proceed to issue the Complaint to the Board by mail as a "failed to respond" case.

(2) At the written request of a reporter, the Board Chair is authorized to grant an extension of reasonable length for the filing of a response.

(3) The Executive Secretary shall provide a copy of the reporter's response to the ~~complainant~~ <u>individual or the Court that filed the grievance</u> within seven (7) calendar days of receiving it and advise that the <u>individual or the Court</u> ~~complainant~~ has ten (10) calendar days in which to rebut or refute any allegations or information contained in the reporter's response. The Executive Secretary shall include any rebuttal made by the ~~complainant~~ <u>an individual or a Court</u> as a part of the material submitted to the Board for decision and any such rebuttal shall be provided to the respondent reporter ~~for informational purposes only, with no response required~~. If any rebuttal submitted contains allegations of violations of

9

Board Rules not previously alleged, a supplemental or amended Complaint may be prepared and served on the respondent reporter, who shall be permitted surrebuttal in the manner prescribed herein for filing a response to a Complaint.

(4) The calculation of the time limitations specified herein shall commence on the day following service upon the respondent reporter. If the due date of a response, rebuttal, or surrebuttal falls on a Saturday, Sunday, or legal holiday, the due date will be extended to the next regular business day.

(m) **Failure to Respond; Reconsideration**.

(1) A reporter's failure to provide, in the prescribed time and manner, a written response to a ~~formal~~ Complaint served in compliance with Section 7(k) shall constitute separate and distinct grounds for the imposition of sanctions notwithstanding the merits of the underlying, substantive allegations of the Complaint; or,

(2) May be considered for enhancement of sanctions imposed upon a finding of violation of the Rules.

(3) The separate imposition or the enhancement of sanctions for failure to respond may be accomplished by the Board's notation of such failure in the appropriate sanction order and shall not require any separate or additional notice to the respondent reporter.

(4) Failure to timely respond to a ~~formal~~ Complaint shall constitute an admission of all factual allegations of the Complaint and an admission of all alleged violations of Rules and Regulations violations in the Complaint.

(5) Failure to timely respond to a ~~formal~~ Complaint ~~shall~~ <u>may</u> extinguish a respondent reporter's right to a public hearing on the ~~formal~~ Complaint.

(6) Reconsideration:

(a) Provided, however, that in a case where a timely response was not filed by a respondent reporter, within ten (10) calendar days after receiving a written notice from the Board setting the case for hearing, the respondent reporter may file with the Board, through the Office of the Clerk of the Arkansas Supreme Court, a petition for reconsideration in affidavit form, stating under oath clear, compelling, and cogent evidence of unavoidable circumstances sufficient to excuse or justify the failure to file a timely response to the Complaint.

(b) Upon the filing of a petition for reconsideration for failure to timely file a response to a Complaint, the Executive Secretary of the Board shall provide each member of the Board a copy of the petition for reconsideration for a vote ~~by written ballot~~ on ~~granting or denying~~ the petition~~, the ballot to be marked and returned to the Executive Secretary within a reasonable time~~.

(c) If four (4) members of the Board, upon a finding of clear and convincing evidence, vote to grant the petition for reconsideration, the Board shall permit the reporter to submit a belated affidavit of response to the substantive allegations of the ~~formal~~ Complaint and the matter shall proceed as though the response had been made timely.

(d) If four (4) Board members vote to deny the petition for reconsideration, the case shall be placed on the agenda at the next meeting of the Board, and the Board shall determine the appropriate sanction from a review of the file, without giving consideration or weight to any response that may have been untimely filed.

(n) **Pretrial Procedure.**

11

(1) The Board Chair may set and conduct such pretrial conferences as the Chair deems needed for the case. The Board Chair shall also issue an order setting any Complaint for hearing before the Board.

(2) The Board Chair shall hear and decide all pretrial matters and all motions, including any motion to dismiss the Complaint or any part thereof.

(o) **Hearings.**

(1) Hearings shall be conducted at such times and places as the Board may designate.

(2) A hearing shall not be conducted unless at least five (5) Board members are present.

(3) After hearing all the testimony and receiving all the evidence in a case, the Board shall deliberate in private and reach a decision on the Complaint. At least four (4) votes are required to find a Rule or Regulation violation and to order a sanction. The same four (4) Board members are not required to vote for both the rule violation(s) and the sanction.

(4) If at least four (4) Board members agree on the Rule or Regulation violated by the reporter, and on a sanction, an Order consistent with such vote shall be prepared and provided to the Board Chair for review and approval. Upon approval, such Order shall be filed with the Clerk of the Arkansas Supreme Court and a filed copy shall be promptly provided to the respondent reporter and any counsel for the reporter.

(5) In addition to any available disciplinary sanction, the Board may also order a reporter to pay:

(a) The costs of the special prosecutor, the investigation, and the hearing, excluding any attorney's fees;

(b) A fine not to exceed $1,000.00; and

(c) Full restitution to any person or entity which has suffered a financial loss due to the reporter's violation of any Board Rule or Regulation, but only to the extent of the costs of any reporter's transcript and fees and expenses associated with a transcript of any court proceeding or deposition.

**Section 8. Surrender of certificate – Discipline by consent.**

(a) **Surrender of Certificate.** A reporter may surrender his or her certificate upon the conditions agreed to by the reporter and the Board:

(1) In lieu of disciplinary proceedings where serious misconduct by the reporter is admitted by the reporter to exist, or

(2) On a voluntary surrender basis of his or her certificate at any time where there is no pending ~~Complaint~~ grievance against the reporter.

(3) No petition to the Supreme Court for voluntary surrender of a certificate by a reporter pursuant to (a)(1) shall be granted until referred to and approved by the Board and the recommendations of the Board are received by the Supreme Court.

(4) If the voluntary surrender is pursuant to (a)(2), the Board shall accept the surrender and shall advise the Supreme Court of the surrender.

(b) **Discipline by Consent.**

(1) A reporter against whom a ~~formal~~ Complaint has been served may, at any stage of the proceedings not less than ten (10) business days prior to the commencement of a public hearing tender a written conditional acknowledgment and admission of violation of some or all of the Rules and Regulations alleged, in exchange for a stated disciplinary sanction in accordance with the following:

(2) With service of a Complaint, the respondent reporter shall be advised in writing that if a negotiated disposition by consent is contemplated that the respondent reporter should contact the Board Chair or the Board's special prosecutor to undertake good faith discussion of a proposed disposition. All discipline by consent proposals must be approved in writing by the Board Chair, or by the Board's special prosecutor before the consent proposal can be submitted to the Board.

(3) Upon a proposed disposition acceptable to the respondent reporter and the Board Chair or representative, the respondent reporter shall execute and submit a consent proposal on a document prepared by the Board setting out the necessary factual circumstances, admissions of violation of the Board Rules and Regulations, and the terms of the proposed sanction.

(4) The consent proposal, along with copies of the ~~formal~~ Complaint, and the recommendations of the <u>special prosecutor</u> ~~the Board Chair or representative~~, shall be presented to the Board ~~by written ballot~~ to either accept or reject the proposed disposition. The decision shall be determined by four (4) concurring votes of the Board. The respondent reporter will be notified ~~immediately in writing~~ of the Board's decision. Rejection will result in the continuation of the ~~formal~~ Complaint process.

(5) No appeal is available from a disciplinary sanction entered by the consent process.

(6) The Board shall file written evidence of the terms of any public sanction discipline by consent, in the form of an order, with the Clerk of the Supreme Court.

(c) **Serious Misconduct.** If the discipline by consent involves allegations of serious misconduct, for which a suspension or revocation of the certificate is to be imposed, the Supreme Court shall also approve any agreed consent proposal and any sanction.

(1) The ~~Board~~ special prosecutor shall present to the Supreme Court, under such procedures as the Supreme Court may direct, any discipline by consent proposal involving serious misconduct, which the Board has reached with a respondent reporter.

(2) If the Supreme Court does not approve the proposed discipline by consent or the voluntary surrender of the certificate, the matter shall be referred back to the Board which shall resume the proceedings at the stage at which they were suspended when the consent proposal was made and submitted to the Supreme Court.

### Proposed Changes to Regulations of the Board of Certified Court Reporter Examiners

**Section 9.**

All certificate renewal fee payments must be postmarked on or before January 1. The Clerk of the Supreme Court shall provide a list of those reporters in violation of the January 1 deadline not later than January 15 to the Executive Secretary of the Board. The Executive Secretary shall thereafter cause a ~~certified~~ letter to be sent to each reporter in violation of the January 1 deadline. The letter shall inform the reporters in violation that their certificate shall be suspended on a date not to exceed 21 calendar days from the ~~certified~~ delivery date of the letter unless all delinquent renewal fees and a $100.00 penalty fee are received by the Clerk of the Supreme Court within the 21 calendar days. If all delinquent renewal and penalty fees are not received within the 21 calendar days, the certificate shall be suspended but may be reinstated during the remainder of the calendar year ~~in which the certificate~~

15

expired for failure to timely renew, if the Board finds, based on a sworn affidavit(s) or other credible evidence, that the applicant has retained the professional skills required for original certification and has paid all delinquent renewal and penalty fees. After December 31 of the calendar year in which the certificate was suspended, expired, an expired certificate the certificate shall not be subject to renewal without examination.